UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| Tolsa Renee Travis-Johnson , | Case No. 10-50756 ASW |
|---|---|
| Debtor(s). | Chapter 7 |
| Monterey County Public Guardian, as Conservator of the Person and Estate of Fujiko Verity, | Adversary No. 10-05106 |
| Plaintiff(s), | **ORDER SETTING TELEPHONIC CASE MANAGEMENT CONFERENCE IN SAN JOSE** |
| vs. | |
| Tolsa Renee Travis-Johnson, | |
| Defendant(s). | |

This action having been assigned to the undersigned Judge, IT IS HEREBY ORDERED:

1. **Date and Time of Case Management Conference:** A telephonic case management conference will be held on **September 3, 2010** at **2:15 P.M..** Instructions for telephonic appearances are attached and are incorporated as part of this order.

2. **Participants:** This Order applies to counsel for all parties and those individuals representing themselves. A party representing himself or herself must comply with the provisions of this order.

1

**ORDER SETTING TELEPHONIC CASE MANAGEMENTCONFERENCE IN SAN JOSE**

3. **Preconference Discussion:** Participants shall confer at least **14** days prior to the telephonic case management conference regarding**:**

    A. Jurisdiction and venue; the substance of the parties' claims and defenses and the definition of genuinely controverted issues; anticipated motions; further proceedings, including setting of dates for discovery cut-off, pre-trial and trial; prospects for settlement; and whether the case should be assigned to the Bankruptcy Dispute Resolution Program; and

    B. Whether the parties are in a position to proceed productively at the telephonic case management conference and whether a personal appearance will be made.

4. **Continuances: The telephonic case management conference will not be continued without leave of court**. However, the telephonic case management conference may be continued for good cause shown, such as conflict with another court appearance, ongoing settlement discussions or representations by counsel that the telephonic case management conference is premature.

To request a continuance, a participant should submit, at least **10** days prior to the telephonic case management conference:

    A. A stipulation signed by all parties to the action or a declaration setting forth the reasons a continuance is requested, the positions of all participants with respect to a continuance and proposed time frames for the continued hearing; and

    B. A proposed order continuing the telephonic case management conference which incorporates all other provisions of this order. THE PROPOSED ORDER SHALL CONTAIN THE FOLLOWING LANGUAGE: "EACH PARTY SHALL FILE AND SERVE ON ALL OTHER PARTIES AN UPDATED CASE MANAGEMENT CONFERENCE STATEMENT AT LEAST **7** DAYS BEFORE THE CASE MANAGEMENT CONFERENCE."

**If a request for a continuance has not been filed at least 10 days prior to the telephonic case management conference, the case management conference will go forward.**

5. **Appearing Personally:** The Court prefers and expects that participants appear by

telephone. However, parties representing themselves who are not able to arrange a telephonic appearance may appear personally. If a party hires counsel shortly before the conference, and the attorney has not been granted a continuance, an appearance is still required.

Counsel who have an appearance in another court at the same time, or are conducting other business in the courthouse, may appear personally. However, counsel should note that the case management conferences will be called in the order set forth on the calendar and counsel must be present when the case is called. Counsel who expect to seek compensation from the estate should also note that the Court may not compensate personal appearances.

6. **Case Management Conference Statements:** At least **7** days prior to the telephonic case management conference, all parties shall file, jointly or separately, a CASE MANAGEMENT CONFERENCE STATEMENT with the court, not to exceed **four** pages in length, addressing the following:

    A.    A statement of the date and time that counsel conferred as required by this order;

    B.    A concise statement summarizing each legal theory on which the plaintiff or defendant relies and a brief general statement of the facts which support this theory;

    C.    The position of the parties with respect to Bankruptcy Rules 7008 and 7012(b);

    D.    Proposed discovery and proposed cut-off dates for discovery and pre-trial motions;

    E.    The estimated time for trial and desired trial date; and

    F.    Whether alternative dispute resolution is desired by the parties; and

    G.    A statement by any non-governmental corporate party to this action identifying all its parent corporations and listing any publicly-held company that owns 10% or more of the party's stock. This statement shall be supplemented within a reasonable time of any change in the information.

THE CAPTION SHALL CONTAIN THE DATE AND TIME OF THE TELEPHONIC CASE

MANAGEMENT CONFERENCE.

7. **Scheduling Order:** At the case management conference, dates will be established, such as for the close of discovery, for a trial setting conference, or for trial. Thereafter, the court will enter a scheduling order.

8. **Judgment:** Final judgment shall be entered by the Bankruptcy Court unless within 60 days after the initial case management conference the court rules that this is a non-core proceeding and final judgment should be entered by the District Court.

9. **Failure of Defendant(s) to Appear:** In the event the defendant(s) has not appeared in the action, the plaintiff should nonetheless go forward with the telephonic case management conference unless a default judgement, as distinguished from the clerk's entry of default, has been entered more than **10** days prior to the date of the telephonic case management conference. If a default judgment has not been entered and no appearance is made, the Court will either close the case or issue an order to show cause why the adversary proceeding should not be dismissed for lack of prosecution. The order to show cause generally will be heard within sixty days of the scheduled telephonic case management conference.

10. **Contact with the Court:** The telephonic case management conference will proceed unless it has been continued by order of the court or the adversary proceeding has been disposed of by final order (for example, by a judgment or order of dismissal). Any questions as to whether a matter has been disposed of by final order should be addressed to the undersigned Judge's Courtroom Deputy, Tanya Bracegirdle, who can be reached by calling (408) 278-7556. Please note that merely advising the Court orally or in writing that an adversary proceeding has been settled, or the entry of a Court order <u>authorizing</u> the Trustee or the Debtor to enter into a settlement agreement, or even a Court order <u>approving</u> a settlement agreement, are usually insufficient to remove a matter from the Court's Case Management Calendar. There typically needs to be a judgment, an order dismissing the case, or an order stating that the case shall be closed (because the parties require no further action by the Court). The judgment(s) or order(s) (or combination thereof) should deal with <u>all</u> parties to the case before the case may be closed.

If counsel has filed timely a request for a continuance, a default judgment, or a stipulation for

4

**ORDER SETTING TELEPHONIC CASE MANAGEMENTCONFERENCE IN SAN JOSE**

a judgment or dismissal, but has not yet received the order back from the court, counsel should not contact the Judge's chambers less than **7** days prior to the case management conference but should presume that the telephonic case management conference will proceed if counsel has been contacted by Court Conference (which can be reached at (866) 582-6878) to confirm participation in the conference call.

11. **Pro Bono Services Available:** Santa Clara University's Alexander Community Law Center has established a project designed to provide representation for Chapter 7 debtors who have been sued in the San Jose Division of the United States Bankruptcy Court for the Northern District of California, by companies claiming that credit card debts should be held to be non-dischargeable in bankruptcy.

The Program is designed to assist persons who do not have a Bankruptcy attorney - or whose bankruptcy attorney who filed their Chapter 7 petition will not agree to represent them in such an action. The Law Center provides free legal advice and, in some instances, representation. The Law Center cannot represent all such debtors due to income guidelines and other limitations. Persons who would like a free consultation, or who otherwise would like information about this Program, should contact the Law Center at (408) 288-7030 and ask to speak with Mr. Reuben Castillo.

**Disponibilidad De Servicious Gratuitos:** El Centro Comunitario Legal Alexander, cual es parte de la Universidad de Santa Clara, ha establecido un programa para representar a aquellos deudores que se han declarado en bancarrota (Chapter 7) y que han sido demandados ante un tribunal del Distrito del Norte de California, en la División de San José, del Tribunal de Bancarrota de los Estados Unidos. Este programa defendería a los deudores contra compañías que mantienen que las deudas establecidas con tarjetas de crédito no pueden ser disueltas a través de una auto- declaración de bancarrota.

Este programa es para ayudar a aquellas personas que no tienen un Abogado de Bancarrota o a aquellas personas cuyos abogado se rehúsan a representarlos en estas demandas después de haberles ayudado a declararse en bancarrota. El Centro Legal provee consejos legales gratuitos y en algunos casos provee representación legal. El Centro Legal no puede representar a

todos los deudores que acuden en busca de ayuda debido a que algunas personas sobrepasan un cierto límite de ingresos o por otras razones. Las personas que deseen una consulta gratuita o que deseen saber más sobre este programa pueden llamar al Centro Legal al (408) 288-7030 y preguntar por el Sr. Rueben Castillo.

12. **Bankruptcy Dispute Resolution Program (BDRP):** The Bankruptcy Dispute Resolution Program (BDRP) offers a means to resolve disputes quickly, at less cost and often without the stress and pressure of litigation. Methods include mediation, negotiation, early neutral evaluation and settlement facilitation. Parties wishing assignment to the BDRP or to a judicially supervised Settlement Conference should contact Tanya Bracegirdle at (408) 278-7556. The BDRP procedures are explained in Bankruptcy Local Rule 9040-1 *et seq.* These procedures and a list of available resolution advocates and their resumes are available in the Clerk's Office.

13. **Service of Order:** The plaintiff shall serve this telephonic case management conference order on all parties and file a proof of service with the court. Plaintiff shall also promptly serve a copy of the Bankruptcy Dispute Resolution Program Information Sheet on all parties. A copy of the Bankruptcy Dispute Resolution Program Information Sheet is available on the Court's web site at www.canb.uscourts.gov and at the Clerk's office.

14. **Sanctions:** The failure of a party to comply timely with the provisions of this order may result in the imposition of sanctions pursuant to Bankruptcy Rule 7016.

DATED: May 6, 2010 　　　　　　　　　　　　　　　　　　/S/ Arthur S. Weissbrodt
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

INSTRUCTIONS FOR TELEPHONIC CASE MANAGEMENT CONFERENCES

**1. Telephone Procedures To Be Followed**

Telephonic appearances for telephonic case management conferences will be arranged through Court Conference. Court Conference is an independent conference call company that arranges conference calls on a national and international basis for business.

Participants will be contacted at the telephone number set forth at the top of the pleading with the participant's identification. All participants shown on the court's calendar 7 days prior to the telephonic case management conference will be contacted by Court Conference at least two days prior to the telephonic case management conference to confirm participation in the conference call and payment arrangements.

Attorneys who are unavailable when called by Court Conference **MUST** return the call within 24 hours. The decision whether or not to appear by telephone **MUST** be made at this time and, if non-responsive, you will not be added to the call at the last minute. Do not argue with Court Conference or request special treatment. Court Conference's function is no more than to offer you the opportunity to appear by telephone. Your election to appear by telephone constitutes your agreement for telephonic appearances.

The cost of appearing telephonically is $40.00. Court Conference will arrange payment by the participant either through the use of a major credit card or, in the case of attorneys, may offer to bill for its service. If Court Conference agrees to bill its services, all bills **MUST** be timely paid.

If you have not been contacted by the second day prior to the telephonic case management conference, participants may contact Court Conference at 1-866-582-6878 to discuss procedures, confirm dates and times, etc. Participants must reference this Court, and the case name and number when calling Court Conference.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

At the time of the scheduled telephonic case management conference, Court Conference will contact the participant as prearranged. Court Conference may initiate calls to some participants on a delayed basis to minimize waiting time. **All participants MUST be available when called**. If the participant is not available when called, you will be billed for the call and the telephonic case management conference will proceed in the participant's absence. The court may impose sanctions as set forth below.

At the time of the telephonic case management conference you will initially be in the listening mode and able to hear the case before yours just as if you were in the courtroom. After your call is connected to the courtroom, the Courtroom Deputy will call the case. The Judge will ask for appearances and direct the manner in which the telephonic case management conference proceeds. Each time a participant speaks, he or she must identify himself or herself for the record. When the Judge informs the participants that the hearing is completed, the participants may disconnect and the next case will be called.

Telephonic appearances are connected directly with the courtroom's public address system and electronic recording equipment so that a normal record is produced. To ensure a quality record, the use of car phones, public telephone booths, or phones in other public places is prohibited except in the most extreme emergencies. Participants should be able to hear all parties without difficulty or echo. The system also allows more than one speaker to be heard so that the Judge can interrupt a speaker to ask a question or redirect the discussion.

**2. Sanctions**

Telephonic appearances by multiple participants are only possible where there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation. Sanctions may include dropping the matter from the calendar, continuing the hearing, proceeding in the absence of an unavailable participant, or a monetary sanction of **$100** or more. Where Court Conference agrees to bill for its services and the billings are not timely paid attorneys should expect a sanction of **$250** to be imposed.

# CERTIFICATE OF NOTICE

```
District/off: 0971-5          User: jsekigaha           Page 1 of 1              Date Rcvd: May 06, 2010
Case: 10-05106                Form ID: pdfeoapc         Total Noticed: 1
```

The following entities were noticed by first class mail on May 08, 2010.
aty          Cathleen M. Giovannini,   Deputy County Counsel,,   County of Monterey, California,    168 W. Alisal St. 3rd Fl.,   Salinas, CA  93901-2439

The following entities were noticed by electronic transmission.
NONE.                                                                                             TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 08, 2010**                    Signature:      _Joseph Speetjens_